# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                                                       **Case No. 11-CR-74**

**TYRONE LOWE**
        **Defendant.**

## DECISION AND ORDER

Defendant Tyrone Lowe, charged with possessing a firearm as a felon, filed a motion to suppress arguing that the police improperly obtained the search warrant pursuant to which they seized the gun. The magistrate judge handling pre-trial proceedings in this case declined to hold an evidentiary hearing and recommended that the motion be denied, concluding that even if the police misled the warrant-issuing judge as defendant alleged the information set forth in the application sufficed to establish probable cause. See United States v. Souffront, 338 F.3d 809, 822 (7th Cir. 2003) ("If the material that is allegedly false is set aside, and 'there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.'") (quoting Franks v. Delaware, 438 U.S. 154, 171-72 (1978)).

**I.**

Defendant objects to the magistrate judge's findings and recommendation. The district court will set aside a magistrate judge's non-dispositive order if it is contrary to law or clearly erroneous, Fed. R. Crim. P. 59(a), and reviews a recommendation on a dispositive motion de novo, Fed. R. Crim. P. 59(b)(3). However, the district court's obligation to conduct a de novo review is triggered only if a party files "specific written objections." Fed. R. Crim. P. 59(b)(2).

"Generalized objections, absent specific legal authority, do not invoke the district court's obligation to perform a de novo review of a magistrate's decision[.]" United States v. O'Neill, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998). Further, de novo review "is required only for those portions of the recommendation for which particularized objections, accompanied by legal authority and argument in support of the objections, are made." Banta Corp. v. Hunter Publ'g Ltd., 915 F. Supp. 80, 81 (E.D. Wis. 1995). A general statement that a party "objects" or incorporates arguments previously made to the magistrate judge will not suffice. O'Neill, 27 F. Supp. 2d at 1126 (citing United States v. Molinaro, 683 F. Supp. 205, 211 (E.D. Wis. 1988)).

Defendant's two-page objection, which consists of seven numbered paragraphs, cites just one case, and concludes with an incorporation by reference of the arguments presented in his briefs to the magistrate judge, falls short under these standards. Nevertheless, on a de novo review of the record, I agree with the magistrate judge that defendant is not entitled to a Franks hearing.

**II.**

In order to obtain a hearing on a so-called Franks motion, the defendant must make a substantial preliminary showing that (1) the search warrant affidavit contained a false statement, (2) made knowingly or intentionally, or with reckless disregard for the truth, (3) which was material, i.e., necessary for a finding of probable cause.[1] United States v. Jackson, 103 F.3d 561, 574 (7th Cir. 1996). The defendant may also attack a search warrant based on the omission of facts required to prevent technically true statements in the affidavit from being

---

[1] If the defendant makes this preliminary showing, the court holds a hearing at which the defendant must establish the allegation of perjury or reckless disregard by a preponderance of the evidence. Franks, 438 U.S. at 156-57.

2

misleading. United States v. Kimberlin, 805 F.2d 210, 252 (7th Cir. 1986). This does not mean that the police must tell the issuing magistrate everything they know; omissions that could not reasonably have affected the probable cause finding will not invalidate the warrant. See id. at 251; see also United States v. Taylor, 471 F.3d 832, 840 (7th Cir. 2006) (finding the omission of information about the informant's record and motives immaterial). Further, as with alleged false statements, the defendant must show that "the affiant intentionally or recklessly omitted material information." United States v. Hoffman, 519 F.3d 672, 675 (7th Cir. 2008). The defendant bears a substantial burden in this regard; he must offer direct evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reasons for omitting facts in order to prove deliberate falsehood or reckless disregard. Souffront, 338 F.3d at 822.

In the present case, defendant indicates that his estranged wife advised the police by telephone from out-of-state that defendant, a convicted felon, possessed firearms and cocaine inside their residence. She provided consent to enter the house, and a relative gave the police a key. Officers entered the residence using the key, finding defendant inside. The officers did not conduct a full search at that time, but during a protective sweep they observed suspected marijuana in plain view on a bedroom dresser. The marijuana later weighed out at 1.01 grams.

The officers sought a search warrant, indicating that "a citizen witness, who claimed a legal interest in the residence," provided information that defendant, a known felon, possessed firearms and cocaine at the residence. The warrant affidavit further stated that the witness gave officers permission to enter to search and provided a key to access the residence. Officers entered using the key, observing defendant inside. They also observed in plain view on a dresser inside a bedroom "a small clear plastic baggie containing suspected marijuana. The plastic baggie was located next to a piece of mail depicting [defendant's] name." (Def.'s

3

Mot. Ex. B at 2 ¶ 5.) The officer averred that he confirmed, through court records, defendant's status as a felon and thus prohibited from possessing firearms. (Id. ¶ 6.) A court commissioner issued the warrant, pursuant to which officers seized (from the same bedroom in which they earlier saw marijuana) the firearm that forms the basis for the instant indictment.

In his objection, defendant complains that the police failed to advise the court commissioner that the amount of marijuana seized during the initial search was very small. However, the affidavit referred to a "small clear plastic baggie" of marijuana; it is hard to see anything misleading there. The officers did not, at the time they applied for the warrant, know the exact weight of the drugs. Further, as the magistrate judge explained in his recommendation, even the simple possession of small, personal use amounts of marijuana is a crime in Wisconsin, sufficient to support probable cause for a search warrant. See United States v. Blount, 401 Fed. Appx. 132, 134 (7th Cir. 2010) (collecting cases), cert. denied, 131 S. Ct. 1802 (2011). Indeed, the sole case defendant cites notes that "even a tiny bit of discarded drugs increases the likelihood that police will find more in the home." United States v. McDuffy, 636 F.3d 361, 364 (7th Cir. 2011) (citing United States v. Billian, 600 F.3d 791, 794 (7th Cir. 2010) (noting that small quantities of marijuana in trash indicated that there was marijuana in house, not that the small quantities were all that defendant had possessed); United States v. Colonna, 360 F.3d 1169, 1175 (10th Cir. 2004) (affirming denial of motion to suppress where warrant was based in part on discovery of two burnt ends of marijuana cigarettes in trash)); see also United States v. Millar, No. 11-1306, 2011 WL 2160742, at *2 (7th Cir. June 2, 2011) ("Millar largely pinned his hopes at the suppression hearing on the quantity of marijuana on the floorboard, which he argued was too little to support a finding of probable cause. But the amount was irrelevant.")

Defendant further complains that the warrant affidavit failed to disclose that the officers discovered no weapons or cocaine – the items his wife said were inside – during the initial search. However, there is no indication that the officers conducted a complete search at that time, such that the absence of those items might impact the commissioner's decision (or his assessment of the wife's credibility). Under these circumstances, there was no apparent reason for the officers to include this information in order to avoid misleading the commissioner. Nor is it fair to claim, as defendant does, that the affidavit gave the impression that the police had uncovered evidence of significant drug dealing within the residence. The officer-affiant set forth his experience in drug cases, but in regards to this case he related only what defendant's wife told him, what he saw inside the house, and what he learned from court records.

Finally, defendant complains that the affidavit did not advise the court commissioner that the "citizen witness" was his estranged wife or set forth the particulars of her knowledge. As indicated above, a warrant affidavit need not discuss an informant's motives, see Taylor, 471 F.3d at 840 (7th Cir. 2006);[2] in any event, as the magistrate judge explained, the officers' personal observation of marijuana inside the house provided probable cause for the issuance of the warrant.[3]

---

[2]The affidavit did explain that the citizen witness "claimed a legal interest" in the residence and provided officers with a key, which worked to get the officers inside. Further, as the reports attached to defendant's motion confirm, defendant's wife wanted to remain anonymous, which is not unusual and offers a reasonable explanation for the officer's failure to identify her more specifically. Finally, citizen informants "may generally be presumed credible by police in a way that professional informants are not." United States v. Blount, 123 F.3d 831, 835 (5th Cir. 1997).

[3]Defendant does not otherwise challenge the warrant or the manner of its execution, or argue that a warrant targeting marijuana would not have permitted the officers to find the gun in the bedroom.

5

**III.**

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (R. 23) is adopted, and defendant's motion to suppress (R. 18) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 14th day of July, 2011.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge